By the Court,

Cowbn, J.
This court of general sessions was sought to be organized by the act of May 14th, 1840, (Sess. Laws, p. 257.) It was to be holden by the recorder and two associates; and a salary of $2000 was appointed for each associate judge, to be paid by the common *46 council out of the city treasury in quarterly payments. (Id. § 5.) The common council refused to pay these salaries; and on a motion by the present relator for a writ of mandamus, we declined to interfere, mainly on the ground that he had an adequate remedy by action. (May 3, 1841, MS.) (a) Then came the act of May 26th, 1841, (Sess. Laws, p. 267, § 4,) by which the mayor, recorder and aldermen of the city, as supervisors of the city and county of New- York, áre directed to audit and allow the judges’ accounts for arrears of salary on or before the tenth day of July thereafter; and after that time quarterly, as such salaries might become due.
This latter provision presents the ordinary case of a specific duty imposed by statute on the board of supervisors of a county; and there would be no difficulty in granting the writ now, were it not for the objections that the statute creating the court was not passed with the concurrence of two-thirds of the members elected to the legislature, and that, if this were not necessary, the relator still has his remedy by action.
This first question has been before us, and was determined in favor of the relator at the present term, in The People v. Purdy, (ante, p. 31.)
But independently of the constitutional question, I am inclined to think that, in order to warrant our interference *47 by mandamus, the act of 1841 should have taken away the remedy by action against the corporation, which we held resulted from the act of 1840. It is said that, in authorizing a remedy by audit and allowance through the supervisors, the ' right to an action is merged. I think not. The additional remedy is not incompatible with the right of action. It is cumulative ; and therefore, I do not see that the force of the objection before allowed is at all diminished.
It may be true, that an action against the mayor, recorder, &c. as supervisors, for refusing to audit and allow, would not be considered such a remedy as to supersede that by mandamus. (Bronson, J. in McCullough v. Mayor, &c. of Brooklyn, 23 Wend. 461.) But where there is a plain and adequate remedy by action for the party aggrieved, the writ of mandamus does not lie. I am not aware of any exception to this rule.
Motion denied.

 The opinion in the case referred to was delivered oy the Chief Justice, and so far as related to this point, was as follows: “ But, after full consideration, I am satisfied that he [the relator] has a perfect remedy by action, which, upon settled principles, forbids a resort to the writ of mandamus. The fifth section of the act of 1840, (Sess L. 1840, p. 258,) provides, that the associate judges shall receive each a yearly salary of two thousand dollars, to be paid by the common council of the city out of the city treasury, in quarterly payments. Here is a legal duty, enjoined by competent authority, which the corporation are bound to discharge. It is as binding upon them as if entered into under the corporation seal. Full consideration has been rendered in the services of the officers, for the liability thus imposed. An action on the case, or of assumpsit, will lie for the neglect of a corporate duty. This was decided in The Commercial Bank of Buffalo v. Kortright, (20 Wend. 91; S. C. confirmed on error, 22 id. 348. See also 7 Cranch, 299; 12 Johns. Rep. 231 ; 14 id. 118.’’)