LAKE and others *vs.* THE TRUSTEES OF THE VILLAGE OF
WILLIAMSBURGH.

Where public improvements in an incorporated village are by law to be made at the expense of the owners of lots, the only duty of the corporation is to take the necessary legal steps to have the improvements made, in proper cases, and to make a right application of the funds as they are received.

Therefore, where the board of trustees of the village of Williamsburgh, having resolved to open and regulate a street called Union Avenue, issued their warrant directing the treasurer of the village to pay the plaintiffs (who had rendered services in making the improvement) a sum of money, " and charge the same to the account of Union Avenue," which was not paid on presentment ; *held* that no charge against the village corporation was created, but only against the fund to arise according to law for defraying the expenses of the improvement.

DEBT, tried before KENT, Cir. J., at the New-York circuit, in September, 1844. Declaration—first count, for that whereas the defendants, on the 2d of December, 1840, at, &c. being indebted to the plaintiffs in the sum of six hundred dollars, made a certain instrument in writing, sealed with their corporate seal, .and signed by the president and countersigned by the clerk of the said corporation, commonly called a warrant, and now shown to the court here, and then and there directed the said warrant to one W. C. by the name and addition of W. C., treasurer of the village of Williamsburgh, by which said warrant the defendants then and there required and directed the said W. C., treasurer, as aforesaid, to pay to the order of the plaintiffs the sum of six hundred dollars. A presentment of the warrant to the treasurer for payment on the 4th of December, 1840, was then alleged ; that the treasurer did not pay, and the defendants had notice. By means, &c. the defendants became liable, and being liable agreed to pay the plaintiffs the said sum of six hundred dollars ; whereby an .action hath accrued to the plaintiffs to demand and have the said sum of six hundred dollars, parcel of the sum above demanded. Second count, in debt in the same general form on a warrant for $699,98, dated December 2, 1841.

On the trial, the plaintiffs gave in evidence, under the first count, a warrant as follows :

. $600.                          Williamsburgh, Dec. 2, 1840.

William Conselyea, 2d. Esq., treasurer of the village of Williamsburgh.

Sir : You are hereby required to pay to the order of William Lake & Brothers, the sum of six hundred dollars, out of the funds Union Avenue, for opening and regulating, [when the same is collected and paid into the treasury,] for account of balance due them on settlement made this day.

[L. S.] WILLIAM LAKE, President.
Attest, Henry Payson, Clerk.

The warrant was presented on the 4th of December, 1840, and payment was refused by Conselyea, the treasurer of the cor-

poration, because there were no funds belonging to Union Avenue.

In November, 1835, the corporation resolved to grant the prayer of a petition for opening and regulating Union Avenue; and the plaintiffs afterwards performed work and labor in regulating the avenue, at the request of the corporation. On the. 2d of December, 1840, the board of trustees accepted a report of the law committee in favor of granting a warrant to the plaintiffs for $1854,19, "being the balance of their claim, including interest, against Union Avenue for opening and regulating the same." Three warrants were issued on that day, amounting, in the aggregate, to the above mentioned sum. The foregoing warrant is one of the three; the other two were in the same form, but for different sums. On the 9th of April, 1841, the trustees, on the petition of the holders of warrants, passed a resolution directing the clerk, on request of the holder of any warrant, to strike out of it the words included above in brackets—"when the same is collected and paid into the treasury;" and in pursuance of that resolution the clerk drew a red line through those words in the warrant in question, and also in the other warrants of the plaintiffs.

On the 16th of January, 1842, the trustees ordered new warrants to be issued to the plaintiffs in exchange for two of the three warrants which had been previously issued to them—the new warrants to be dated December 2, 1841, and one year's interest to be added to the amount. No direction was given as to the form of the new warrants. Under this order a new warrant was issued in exchange, as follows:

$699,98.                          Williamsburgh, Dec. 2, 1841.

To the treasurer of the village of Williamsburgh:

Pay to the order of William Lake & Brothers the sum of six hundred and ninety-nine dollars and ninety-eight cents, and charge the same to the account of Union Avenue.

[L. S.] JOHN C. MINTURN, President.

Attest, Henry Payson, Clerk.

On this warrant the second count in the declaration was

framed. It was presented to the treasurer on the 24th of January, 1842, when payment was refused for the want of funds. There never were any funds in the treasury belonging to Union Avenue.

The defendants offered to prove that no valid petition or request in writing by the owners of the property was presented to the board of trustees for opening and regulating Union Avenue. The judge rejected the evidence. Many other questions were made on the trial. The judge decided that the plaintiffs were entitled to recover the amount of the two warrants given in evidence, if the jury should determine that the erasure in the first mentioned warrant was made by authority of the defendants, and in good faith. Verdict for the plaintiffs. The defendants move for a new trial on a bill of exceptions.

*E. Sandford,* for the defendants, cited *Stat. of* 1827, *p.* 271, §§ 5, 17, 21 *to* 25; 23 *Wend.* 458; 12 *id.* 165; 6 *Hill,* 244; 2 *Denio,* 110; 2 *Hill,* 466; 4 *id.* 88, 76, 92.

*G. Wood,* for the plaintiffs, cited 15 *Conn.* 475; 4 *Hill,* 265; *Angel & A. Corp.* 200.

*By the Court,* BRONSON, Ch. J. Under the charter, the expenses of opening and regulating streets are not made a charge upon the whole village, but only upon the owners and occupants of the houses and lots to be benefited by the improvement. The corporation is the agent or instrument of the landholders having an interest in the matter, to ascertain how much one man ought to pay, and another to receive; to collect the money from those who are benefited, and see that it is properly applied to the particular object. (*Stat.* 1827, *p.* 276, §§ 21 *to* 25.) No legal duty rests upon the corporation beyond that of setting the proper machinery in motion, and making a right application of the funds when they are received. (*McCullough* v. *Mayor of Brooklyn,* 23 *Wend.* 458.) The warrants, as originally issued, were drawn in pursuance of the authority and duty of the trustees, and made payable out of the funds for

opening and improving the avenue, when the same should be collected and paid into the treasury. And after the warrants had been altered under the resolution of the 9th of April, 1841, they amounted to nothing more than a direction or authority to the treasurer to pay the money "out of the funds of Union Avenue for opening and improving." No charge upon the whole village, or its treasury, was either created or acknowledged; but only a charge on the particular fund which ought by law to bear the burden. It is quite probable that the holders, when they got the warrants altered, supposed they had accomplished an important object; but that does not prove that the trustees intended to violate their duty, by transferring the burden from the persons benefited by the improvement to the village at large. They may have granted the petition of the holders of the warrants in the belief that the alteration would not change the legal effect of the instruments; and in my opinion the legal effect was not changed, whatever may have been the ground on which the trustees acted.

This case is not like *Kelley* v. *The Mayor of Brooklyn*, (4 *Hill*, 263,) to which we are referred. These warrants are sealed instruments, and cannot, therefore, be deemed bills of exchange: and besides, they are not payable absolutely, but only out of a particular fund, which never had any existence. They contain no words of contract; and I do not see how it is possible to maintain debt, or any other action upon them. They may, perhaps, be used as evidence in some other suit or proceeding; but not as the foundation of an action.

The largest warrant on which the plaintiffs seek to recover, if it were not a sealed instrument, might, perhaps, be regarded as a bill of exchange. (*Kelley* v. *The Mayor. of Brooklyn*, *supra.*) But as it is not a bill, and contains no words of contract, I do not see how it can be used as a substantive cause of action. The plaintiffs might possibly use it as evidence in support of the money counts, or an account stated. But even then, we could not fail to see that it contains words—"and charge the same to the account of Union Avenue"—which point to the real nature of the transaction; and when the whole truth

The People *v.* Crissie.

should come out, it would be apparent that there was no legal claim upon the corporation. And it must be added, in relation to this warrant, that although the trustees ordered new warrants to be issued in exchange for the original ones, it no where appears that they authorized the change which was made in the form of the instrument. And if the trustees had any such power, which cannot, I think, be proved, it is quite clear that the president and clerk could not change the burden from the landowners of the particular district, to the village at large.

Whether the plaintiffs have a remedy by mandamus, an action on the case against the trustees for neglect of duty, or can maintain counts against the corporation for work and labor, are questions which do not arise on this bill of exceptions. (*See McCullough* v. *The Mayor of Brooklyn*, 23 *Wend.* 458; *Cuyler* v. *The Trustees of Rochester*, 12 *Wend.* 165.) It is enough for the present to say, that this verdict cannot stand.

New trial granted.