Clerke, J.
On the argument, the only points taken by the counsel for the corporation were: first, no action upon the part of the Common Council was necessary to the creation of the stock in question; and second, that the Common Council owe no duty to the relators.
' I. As to the first point, the act (Laws of 1866, p. 211, § 5) directs and authorizes the Mayor,, Aldermen and Commonalty of the city of New York to create a public fund or stock, to be denominated “ Market Stock,” for the amount of seventy-five thousand dollars, and § 6 directs the comptroller of the city to prepare and issue said stock within thirty days after being required in writing so to do by the commissioners* What stock ? The said stock! That is the stock which, in the preceding section, the Mayor, Aldermen and Commonalty of the city of *326 PTew York are directed to create. The comptroller evidently can prepare and issue no other stock than that mentioned in the first section, and any action relating to any other would be null and"void, and, of course, the stock would be utterly worthless.
II. As to the point that the Common Council has no duty to the relators: The language, no doubt, of the act, as we have seen, is, “ The Mayor, Aldermen and Commonalty of the city of Pfew York are hereby authorized and directed to create a public fund or stock,” &c. The words Common Council do not appear in the act. The Common Council", however, constitute the only agency or instrumentality by which this behest of the supreme legislature can be obeyed. The Mayor, Aldermen and Commonalty can’act in no other possible way in the premises than by and through the Common Council. They cannot compel the latter to do so. The Mayor, Aldermen and citizens generally, who, I suppose, constitute the Commonalty, may daily raise their" voices in the loudest tones, to the honorable the Common Council, commanding them to create this stock, and the Common Council could laugh at them as they have laughed at the Commissioners. The only possible method by which the Common Council can be compelled to do so is, by application to this court, which alone can issue a mandamus capable of being enforced. This point has been frequently determined by authority. In the language of Bronson, J., McCullough v. The Mayor, &c., of Brooklyn (23 Wend., 458), the writ lies against ■the body upon whom the duty of putting the necessary machinery in motion is imposed. In The People v. The Common Council of Syracuse (20 How., 491), the act of opening the streets was the act of the corporation, but the Common Council had to set the machinery in motion, and, accordingly, the writ was issued against them. The obligation was mandatory on them. They have no discretion in the matter as in ordinary cases of municipal legislation; they must obey the supreme legislature. See, also, The Commonwealth v. Select and Common Councils of Pittsburgh, 34 Penn., 496 ; Archbold’s Practice of the Crown Office, 239-250, and Tapping on Mandamus, 94, in both of which the early cases on this subject are collected.
The order should be affirmed, with costs.
Barnard, P. J., concurred.