Ingraham, J.
I concur in the propriety of granting this writ, were it not directed to the wrong parties.
The statute imposes the duty of creating the stock, on the Mayor, Aldermen and Commonalty of the city of Hew York. This is the corporate title of the municipal corporation. They act by the Common Council and the Mayor. Ho action of the one, without the consent of the other, can enact the necessary laws for creating the public stock, except in case of a veto from tlie Mayor. The mandamus directs the Common Council to enact the necessary law to create the stock. This they cannot do without the Mayor; and they are required to do what is not in their power.
I have.no objection to a modification of the command in the writ, so as to require them to prepare and pass, in their separate boards, the necessary ordinance for that purpose, and, on complying with that direction, their duty in the matter is discharged.
In The People v. The Common Council of Brooklyn (22 Barb., 404) the writ was so directed and allowed, but in that case the statute directed the Common Council of Brooklyn to do the act. So, in the case of The People v. Common Council of Syracuse (20 How., 491), the statute directed the Common Council, after the award, to pay the money.
In McCullough v. The Mayor of Brooklyn (23 Wend., 458), Bronson, J., said, the proper remedy was a mandamus against the corporation to exercise their functions according to law.
Two things are necessary; the action of the Common Council, and the approval of the Mayor, before the law can be enacted.
If the writ had been directed to the corporation, it would have been their duty to pass the law; as it ijj, the remedy, at best, will be imperfect.
Order affirmed.