SECOND NATIONAL BANK OF LANSING, VS. THE CITY OF LANSING.

A city order upon its own treasurer and payable out of a special and designated fund, is not a negotiable promissory note or bill of exchange.

Under the Charter of the City of Lansing, an order drawn by the clerk of said City upon its treasurer, payable out of a specific fund, which was to be created by assessment upon a *portion only* of the houses and lands of the City, designated as being benefited by the improvement in payment of which the order was given, does not create an indebtedness against such City.

*Ingham Circuit, April*, 1870.

This was an action of assumpsit brought upon an order in the words and figures following :

" $ 1000                LANSING, SEPTEMBER 2, 1865.

Check No. 6999 and No. 403.

Pay to J. Shine, or bearer the sum " of one thousand dollars with interest at ten per cent. out of " any money in your hands belonging to the Michigan Avenue " grade fund for grading. (By order of the Common Council, " September 2, 1865).

A. E. Cowles, City Clerk."

" Countersigned, A. A. Jennison, City Auditor."

*Longyear & Seager*, for plaintiff.
*A. E. Cowles*, City Attorney for defendant.

The case was tried without a jury and the facts were agreed upon by counsel.

In 1865, and prior to the giving of this order, the Common Council of the City of Lansing determined under the authority given them by title six of the act of Incorporation of said City, of 1865, from section 9 of said title, to grade a street called "Michigan Avenue," and that the expense of the work should be assessed upon the houses and lands to be benefited by the improvement. They also designated the property which they determined would be so benefited, and upon which such assessment should be made, which was but a small portion of the property within the City. A contract was also made by said Common Council with one John Shine, for such grading, by which (amongst other things) it was provided that Shine should be paid the price agreed upon per cubic yard, in orders drawn on the fund known as the "Michigan Avenue Grade Fund,' upon the estimates of the City Engineer; also that "all orders drawn upon the fund created to defray the expense of said grading, should bear the like designation as the fund, and be known as *Michigan Avenue Grade Orders.*

This order (with others) was issued upon estimates made by the City Engineer, for work done under said contract, was delivered to Shine, and by him assigned to the plaintiff at the date of its issue, for a valid consideration; of which said Common Council had notice.

From various causes stated in the stipulation of facts, no money had been or has since been collected for the Michigan Avenue grade fund.

*By the Court*, HIGBY, J.—The following are my conclusions in this case:

1st. That the City order or instrument declared on is not a negotiable bill of exchange, or a negotiable promissory note, it being payable out of a special and designated fund, and that it therefore is liable in the hands of the present plaintiff to all equities between the original parties. *1st Parsons On Notes and Bills, page* 43 *and note* (o)

2nd. That such order, being payable out of a specific fund to be collected by assessment upon a *portion only* of the houses

and lands within the City, does not create an indebtedness and is not evidence of an indebtedness against the City at large, and therefore that this action cannot be maintained.

The territory (houses and lands) designated. became chargeable with such expense, and the property within the City, but utside of that so designated as being benefited was not to be, and cannot legally be burdened. with the expense.

It was understood by the contractor that he was to be paid from the special fund,—the contract itself so provides. And the money or fund against which these orders were drawn when assessed and collected could not rightfully be used by the City authorities for any other purpose. And when collected and paid to the City Treasurer, if it should be appropriated to any other use, or if payment of the orders should be refused, the City itself would be liable as for money had and received to the plaintiff's use. *McCullock vs. The Mayor &c. of Brooklyn*, 23 *Wend*, 438.—*Lake vs. The Trustees of Williamsburgh 4 Denio*, 520. See also the cases of *Beard vs. Brooklyn*, and *Richardson vs. Brooklyn* in 31 *Barbour*, which hold that, *as an action cannot be maintained upon the contract*, an action on the case for negligence may be maintained, if the Common Council unreasonably neglect or refuse to make and cause to be collected, the special assessment. I can hardly see upon what principle this can be so held. It is indirectly compelling the inhabitants of the City to pay a debt for which they are not liable.

It seems to me that the plaintiff's remedy, in case of neglect, is by application for a *mandamus* to compel the necessary action by the Common Council and there are many authorities to this effect. But that question is not at issue in this case, for the disposal of which it is sufficient that an action of assumpsit upon the contract cannot be maintained against the City.