EMELINE APGAR v. THE TRUSTEES OF SCHOOL DISTRICT NO. 4, IN THE TOWNSHIP OF CHESTER, IN THE COUNTY OF MORRIS.

1. The writ of *mandamus* can be invoked only where no other adequate remedy exists to prevent the failure of justice.
2. A school teacher who has rendered services according to the require·ments of the school law, and is refused compensation out of the fund specially provided for that purpose, is entitled to this writ to compel the proper officers to perform their duty, and make payment of what is justly due.

On rule to show cause why a writ of *mandamus* should not issue, &c.

Argued before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

Apgar v. Trustees of School District No. 4, &c.

For the rule, *Mr. Pitney.*

Contra, *Mr. Vanatta.*

VAN SYCKEL, J.  The case shows that Emeline Apgar, on the 17th of February, 1870, obtained judgment, before a justice of the peace of the county of Morris, against the defendants for $85.50 debt with costs, for her services as teacher in said district, from which judgment the defendants appealed in due form of law, on the 22d day of the same month.

On the 22d day of March, a rule was granted by this court to show cause why a *mandamus* should not issue directing the defendants, by the hands of their clerk and one of said trustees, to make and deliver to the prosecutrix an order in her favor, on the township collector of Chester township, to pay her out of the proper school moneys in his hands her aforesaid claim, and the question now is, whether this rule shall be made absolute.

The true test by which to determine the right of a party suing for a *mandamus* is, first, whether he has a clear legal right; and, secondly, whether there is any other appropriate specific remedy to enforce that right.  This writ can be invoked only where no other adequate remedy exists, to prevent the failure of justice.

It cannot be appealed to where the end sought to be attained can be otherwise accomplished, and was never designed to be applied to the mere collection of debts.

It appears in this case that the moneys to pay the relator have been collected by aid of the ordinary official agencies, and that they are in the hands of the appropriate officer, to be disbursed under the order of the district clerk, and one of the trustees.

The relator, having rendered her services in compliance with the requirements of the school law, is refused compensation out of the fund specially provided for that purpose. It is one of the most usual offices of the writ of *mandamus*

to compel ministerial officers to perform their official duties where an individual has a pecuniary interest in such performance, and therefore this remedy may be sought in the present case unless it is shown that the relator can obtain an adequate relief by suit.

In *McCullough* v. *The Mayor of Brooklyn*, 23 *Wend*. 458, Judge Bronson says, that "although as a general rule, a *mandamus* will not lie where a party has another remedy, it is not universally true in relation to corporations and ministerial officers; notwithstanding they may be liable to an action on the case for a neglect of duty, they may be compelled by *mandamus* to exercise their functions according to law."

It is not denied that a suit at law may be maintained against the trustees of a school district for claims of this nature, but that does not sufficiently answer the motion in this case. No action will lie against the collector who has custody of the fund, and none, other than an action on the case for neglect of duty, against the district clerk. The relator has an interest in the fund itself, which cannot be reached in any way other than that she is pursuing.

The cases in which courts have refused to let this writ go, differ essentially from the one now discussed. It is not necessary to criticise them in detail; it is sufficient to say that none of them presents the case of money raised by taxation for a specific class of creditors, and in the hands of the officer charged with its payment, where the only step remaining to satisfy the creditor is the payment of money to him out of such fund. *People* v. *Thomsom*, 24 *N. Y.* 73 ; *People* v. *Supervisors of Columbia*, 23 *Wend*. 458 ; *People* v. *Supervisors of Chenango*, 1 *Kernan* 568 ; *Van Rennselaer* v. *Sheriff of Albany*, 1 *Cowen* 501 ; *People* v. *Brennan*, 39 *Barb*. 522.

If the relator is compelled to prosecute her remedy by action against the trustees, the district might be without property to satisfy an execution, or if assets existed, the inhabitants of the district would be subjected to a sacrifice of

their property, when the money for the specific purpose of paying her demand had already been made out of them by taxation, and held under statutory direction by the township collector in trust, to be appropriated on the order of ministerial officers who refuse to do their duty.

The remedy by suit against the trustees may be inadequate, and to that, therefore, the relator should not be driven.

She has elected, however, to pursue her remedy by suit, and succeeded in obtaining a judgment from which the trustees have taken an appeal, by giving bond as required by law. This bond, which must be presumed to be ample, would secure her claim in the event that she can hold her judgment, and therefore a *mandamus* ought not to issue if complete relief may be had from this source.

But the case shows that at the time this suit was instituted, the relator had not exhibited to the district clerk a school register, kept as prescribed by the forty-first section of the school law (*Nix. Dig.* 874,*) and therefore her suit must fail on the trial of the appeal.

At the time of the trial before the justice she offered to perfect her register, but was hindered from doing so by the conduct of the defendants. They will defeat her action at law, but her right to payment of the money due her out of the fund for that purpose provided is now complete, except in so far as the defendants themselves have prevented her from perfecting it, and she is, therefore, entitled to the writ prayed for, with costs.

Writ ordered accordingly.

DALRIMPLE and DEPUE, Justices, concurred.

* *Rev.*, p. 1077.