No. 6371.

State ex rel. John Klein & Co. vs. Ed. Pilsbury, Administrator of Finance, etc.

Any third person, who demands no subrogation, may tender to a creditor, either in his own name, or in that of the debtor, the debt due by the latter, in whatever species of property the debt is payable, and compel the creditor to accept the payment in that property.

In a mandamus proceeding to compel a public officer to receive warrants in payment of a debt, the issue of the *genuineness* of the warrants may be passed on.

Warrants issued by a police board, which are not in the form required by law, in order to be received for taxes, will be rejected.

APPEAL from the Superior District Court, parish of Orleans. *Lynch*, J.

*John Ray*, for plaintiffs and appellees.

*Sam. P. Blanc*, Assistant City Attorney, for defendant.

The opinion of the court was delivered by

Spencer, J. Plaintiffs are brokers of said city. They allege that as such they were employed by a number of firms of New Orleans named in their petition, to pay for and obtain their several licenses from said

city.   That in pursuance of their said employment, relators had applied
to defendant, Ed. Pilsbury, Administrator of Finance, for said licenses,
and had tendered to him in payment therefor, certain Metropolitan Po-
lice warrants described in relators' petition.   That although said war-
rants are by express law made receivable by the city for such licenses,
yet the said Administrator in disregard of his plain duty refuses to re-
ceive them, and issue said licenses.   Wherefore he prays for mandamus
which was granted *nisi*.

The defendant filed various exceptions—insisting in this court however
only on the third one, which was in substance, that relators have no
real interest in the matter; theirs are not the licenses to be paid, and
they have no right to maintain an action to require the city officer to re-
ceive for the licenses of others, the warrants belonging to the relators.

This exception was not well taken.   C. C. (old) art. 2130—"An obliga-
tion may be discharged by any person concerned in it, such as a co-obligee
or surety.   It may even be discharged by *a third* person no way con-
cerned in it, provided that person act in *the name* and for the discharge
of the debtor, or that, if he act *in his own name,* he be not subrogated
to the rights of the creditor."

Art. 2131—A third person may for the advantage of the obligor, put
the obligee in default by offering to perform the obligation on the part
of the debtor, even without his knowledge; but it must be for the ad-
vantage of the obligor, not merely to change the creditor."

In the case before us it is alleged and proved that relators acted as
the employees, or at least at the request of the debtors, and we think
they have the right, under the above articles to compel the creditor to
accept payment—and it is not material whether they are acting in their
own names or those of the debtors, as they do not seek or demand a
subrogation, but a discharge of the debtor.

Defendant further denies the right of relators to proceed by man-
damus, and sets up in defense that the warrants tendered are of doubt-
ful authenticity and legality, and that he believes many of them are
spurious and not genuine.   He insists that the relators must first sue
and establish the validity and genuineness of the warrants, before pro-
ceeding by mandamus.

We do not think so.   Act No. 33 of the Legislature of 1874, declares
in so many words that these police warrants shall be received "*for all
licenses  *  *  *  due or to become due*" the city.   The right to pay
licenses therefore with these warrants is indisputable, unless said act be
unconstitutional, of which we find no evidence.   Our predecessors we
think correctly held these warrants to be so receivable in the case of
" the State ex rel. Ed. Lubie vs. the Administrator of Finance," not yet
reported.   This law does not require that these warrants be recognized

by judgment, before being *legal tender* for such license-taxes. It requires the city to receive them in payment. True if the administrator has doubts of their genuineness he may refuse and ought to refuse them, until there is proof thereof—just as he ought to refuse to take United States currency tendered, if he doubt its genuineness. If the holder of these warrants can not compel their receipt, until he has put them in judgment against the city, the law would be a dead letter; for it does not authorize the payment of licenses, *in judgments*, but in warrants, which would in the case supposed, be merged in the judgment and therefore not within the terms of the law. The fact that the city disputes the genuineness of these warrants, is a mere incidental issue, which courts must and can determine, when arising in proceedings by mandamus. Thus when a public officer is proceeding by mandamus for possession of the records of his office, if denied, it must be made to appear that he is the person exercising the functions of that office. And so of other collateral issues without number, which inevitably arise. If it were held that in a proceeding by mandamus incidental questions of this kind could not be determined, then indeed would the process be an empty form. If relators or those in whose interest they act, were tendering United States currency or coin, instead of warrants, in payment of the licenses, such a rule would leave them remediless, if the Administrator saw fit to dispute the genuineness of the bills or coin tendered. Yet we presume there can be no question of the right of the debtor of a license to proceed by mandamus, to compel the Administrator to receive currency in payment. Police warrants are as much *legal tender* for that purpose as currency. The remedy of the debtor is the same in both cases.

### ON THE MERITS.

It seems that a large number of the warrants tendered in payment, were signed by the " chief clerk " and " accepted " by the " treasurer " of the Police Board—and issued early in the year 1869, for fiscal year of 1868. The only law then in existence authorizing the issuance of these warrants was the act creating the Board of Metropolitan Police, page eighty-five acts of 1868. By its thirtieth section it requires said warrants to be " signed by the president and any two other members of the board, attested by the chief clerk."

A board, such as that of the police, is a mere creature of the law, possessing no powers not conferred by statute, and when, without authority by legislative enactment to issue a warrant or note, all such paper when issued, is null in the hands of whomsoever it falls. 5 Denio, 517; 4 Denio, 520; McClure vs. Bennett, 1 Black, f. 189, and Mears vs. Graham, 8 *ib.*, 144. *A fortiori*, where the form of warrant is prescribed, any other

kind of warrant is null and void; no paper, except that *specially permitted,* can possess the least effect. Little Rock vs. State Bank, 3 Eng. (Ark.) 227; Damon vs. Grauly, 2 Pick. 345; Randall vs. Vanbechten, 19 Johns, 60; 7 Cranch. 229; 2 *ib.,* 127.

The warrants therefore issued by the chief clerk and accepted by the treasurer, were not issued as required by law, and are not such warrants as the law requires the city to receive for license-taxes.

The decree of the court below was therefore erroneous, so far as it compelled the Administrator to accept these warrants in payment. They are of numbers and amounts following:

| No. | | No. | |
|---|---|---|---|
| 1969 | $91 67 | 1959 | $91 67 |
| 2807 | 91 66 | 1971 | 83 33 |
| 1970 | 83 33 | 1965 | 83 33 |
| 1945 | 83 33 | 1942 | 83 33 |
| 1946 | 83 33 | 1976 | 83 33 |
| 1944 | 83 33 | 2812 | 77 77 |
| 1953 | 83 33 | 1984 | 72 33 |
| 2294 | 72 33 | 1962 | 83 33 |
| 1974 | 83 33 | 1978 | 83 33 |
| 1981 | 72 33 | 6721 | 83 33 |
| 190 | 45 12 | 191 | 45 14 |
| 669 | 13 92 | 670 | 12 00 |
| 302 | 100 00 | 120 | 66 66 |
| 140 | 30 25 | 21 | 32 00 |
| 303 | 100 00 | 300 | 100 00 |
| 572 | 200 00 | 557 | 100 00 |
| 556 | 100 00 | 124 | 4 00 |
| 304 | 100 00 | 5867 | 79 33 |
| 530 | 15 00 | 6922 | 77 96 |
| 6923 | 67 20 | 6924 | 80 65 |
| 6924 | 77 96 | 672 | 13 92 |
| 671 | 14 40 | 666 | 15 00 |
| 508 | 300 00 | 573 | 200 00 |
| 567 | 300 00 | 580 | 200 00 |
| 562 | 300 00 | 7878 | 250 00 |
| 559 | 100 00 | 560 | 100 00 |
| 558 | 100 00 | 555 | 100 00 |
| 553 | 100 00 | | |

It is therefore ordered adjudged and decreed that the judgment of the court below be so amended as to include among the rejected warrants, those above described, and as thus amended that said judgment be affirmed—relators paying costs of appeal and defendants those of the court below.