WILLIAM J. McCANN, Respondent, *v.* THE CITY OF ALBANY, Appellant.

*City contract — what is a penalty, and what liquidated damages — duty of a city to assess the cost of an improvement — mistake of an assistant engineer.*

Where a sum of fifty dollars mentioned in a city contract, to be paid by a contractor for a breach thereof, is spoken of both as a "forfeit" and as "liquidated" damages, and no damage has in fact resulted to the city from the default of the contractor, the intent, which is to be gathered both from the contract and from the nature and circumstances of the case, will be construed to. be that the fifty dollars was to be considered as a penalty and not as liquidated damages.

Where a city, notwithstanding the timely objection of the contractor to any deduction being made from the full amount of the price of a city contract, assesses the parties benefited by the work and collects for the improvement a sum diminished by the amount of an alleged forfeiture claimed to have been incurred by the contractor by reason of a delay in completing the work, and such forfeiture is not established by the city, the city has failed to discharge its duty in regard to the assessment and becomes guilty of a breach of its charter, and of its contract obligation.

A contractor with a city may recover where a mistake has been made by the assistant engineer in giving a wrong line of excavation for the bottom of a sewer which has necessitated the correction of work already done by the contractor.

APPEAL by the defendant, The City of Albany, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Albany on the 1st day of July, 1895, upon the report of a referee.

The action was brought to recover an alleged unpaid balance due the plaintiff upon his contract with the city for the construction of a large sewer, also for certain items of alleged extra work. The terms of the contract, so far as they are necessary to be considered, are stated in the opinion. The plaintiff performed his contract and received the greater part of his pay, and the judgment appealed from is for the balance which the referee found to be unpaid.

*John A. Delehanty*, for the appellant.

*Edwin Countryman*, for the respondent.

LANDON, J. :

The first objection urged by the defendant to the judgment recovered by the plaintiff is, that the defendant should have been allowed $6,900, forfeited by the defendant under this provision of his contract with the city that his work should " be fully completed by or before May 1, 1888," and that he would "forfeit and pay to the city the sum of fifty dollars per day for each and every day after the 1st day of May, 1888, that said work shall remain uncompleted," which sum was declared by the contract to be the damages which will result to the city from such delay, and are hereby liquidated at such sum, the same to be deducted from the amount otherwise due the plaintiff thereon.

The referee found that the contract was substantially completed by May 1, 1888; that, although there was a delay of fourteen days in finishing the masonry at the west end of the culvert, that delay was caused by the acts of the defendant.

The delay which the defendant insists upon was in plaintiff's refusal for a time to clean out the completed sewer. He had cleaned it out, section by section, as the work progressed, and he claimed that it was accepted section by section. A large amount of sediment and rubbish, however, accumulated therein before its final completion as an entirety. The plaintiff denied that the contract required him again to clean out the sewer. Notwithstanding his denial he did clean it out at an expense of $3,000, but did not complete the cleaning until 138 days after May 1, 1888.

The referee held that the plaintiff was not required by the contract thus again to clean out the sewer. There is no dispute about the facts in this respect, and the conclusion which we have reached upon other grounds makes it unnecessary to pass upon this question of construction.

The city had the use of the sewer during the 138 days in question, and apart from the contract there is no evidence that it sustained any damage from the delay. Without deciding, but assuming, that the plaintiff was required by the contract thus to clean out the sewer, we do not think that the defendant can deduct the penalty for delay.

The sum of fifty dollars per day is spoken of in the contract both as a "forfeit" and as "liquidated" damages. Ordinarily, damages would be presumed from the breach of the contract (*Little* v. *Banks*, 85 N. Y. 258), but here this presumption is repelled, except as to nominal damages, and hence the sum is clearly a forfeit, and a forfeiture strictly as such is a penalty and not compensation, and, if enforced, would have the quality of extortion, the very opposite of justice.

One of the rules of construction in this class of cases is, that the intent of the parties, to be gathered from the contract itself and from the nature and circumstances of the case, is to govern. (*Colwell* v. *Lawrence*, 38 N. Y. 71 ; *Kemp* v. *Knickerbocker Ice Co.*, 69 id. 45 ; *Noyes* v. *Phillips*, 60 id. 408.) Taking both the contract and the nature and circumstances of the case into consideration, we gather the intent of the parties to be to guard the city against an injurious delay in completing the sewer ; not greatly to punish the contractor beyond his demerits, as would be the case if he should be required to forfeit $6,900 as the penalty for causing nominal damages.

The defendant insists that, by the terms of the contract, the plaintiff should have been charged with $821.04, the amount paid by the defendant to one Murray for repairs upon the sewer within one year from its completion. We assume that under the contract this item would be chargeable to the plaintiff if the defects occasioning these repairs were due to his defective work, but would not be so chargeable, if due, as claimed by the plaintiff, to the work of another contractor in subsequently making an intersection of a

smaller sewer with this one. The issue was one of fact, and, upon the evidence, apparently of considerable difficulty. It might have been decided either way. We do not feel authorized to disturb the finding of the referee upon it.

The defendant also claims that under the contract and defendant's charter it was only liable for the amount of moneys which it assessed upon and collected from the property holders benefited by the improvements. But in fixing the amount thus to be assessed and collected, the defendant, notwithstanding the timely objection of the plaintiff to the deduction and his demand that the whole amount of the contract price be assessed, deducted from such contract price the $6,900, because of the alleged forfeiture hereinbefore considered. In making this deduction the city assumed the risk of doing the plaintiff injustice. We assume that under the contract and charter the obligation assumed by the city was to make and collect the proper assessment and pay the plaintiff from the proceeds the amount due him under the contract. The referee found that the city failed to discharge its full duty in this respect within a reasonable time and with reasonable diligence, and hence was guilty of a breach of its contract and charter obligation. The failure of duty was in omitting to assess and collect enough, and hence to pay plaintiff enough. There is no claim that the amount assessed has not been collected. It was held in *Reilly* v. *City of Albany* (112 N. Y. 30), a case involving provisions like those in the contract before us, that "when the contractor had performed his work according to his contract, he had no duty remaining to discharge, and then had a right to rely upon the implied obligation of the city to use with due diligence its own agencies in procuring the means to satisfy his claims. It could not have been supposed that he was not only to earn his compensation, but also to set in motion and keep in operation the several agencies of the city government over which he had no control, to place in the hands of the city the funds necessary to enable it to pay its obligations. That was a power lodged in the hands of the city, and the clear intent of the contract was that it should exercise it diligently for the purpose of raising the funds necessary to pay for the improvement. For an omission to do so, it would become liable to pay such damages as the contractor might suffer by reason of its neglect of duty." (Citing *Cumming* v. *Mayor, etc., of Brooklyn,* 11 Paige,

596; *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *McCormack* v. *City of Brooklyn*, 108 id. 49.)

Other cases recognize the like rule. (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *Genet* v. *City of Brooklyn*, 99 id. 296; S. C., 94 id. 645; *Baldwin* v. *City of Oswego*, 1 Abb. Ct. App. Dec. 62.)

*The People ex rel. Ready* v. *Mayor, etc., of Syracuse* (144 N. Y. 63) is cited by defendant as a later, and, therefore, a better, statement of the law. There the contract provided that no payment should be made " until the cost of the work shall have been assessed upon and collected from the taxpayers liable." The proper assessment was made, but only about one-quarter of it collected; the effort to make further collections was suspended. The court held that the contractor was entitled to mandamus to compel the officers of the city having the matter in charge to proceed with their duties as required by law. The court also remarked that no action was maintainable by the contractor against the city. (Citing *Hunt* v. *City of Utica*, 18 N. Y. 442; *Lake* v. *Trustees of Williamsburgh*, 4 Den. 520.) In the *Utica* case, as in the *Syracuse* case, the warrant for the collection of the proper amounts was, when the action was commenced, outstanding in the hands of the collector, and, therefore, the operation of collecting was pending, although practically suspended. The court said, in the *Utica* case, that the contractor must " look for his compensation to the proceeds of an assessment if proper diligence was employed by the city." In *Lake* v *Trustees of Williamsburgh* (*supra*) the action was upon a warrant given by the president of the village to the contractor, payable out of the improvement fund, which had not yet been assessed and collected. Whether an action would lie against the trustees for neglect of duty the court said it need not consider.

The distinction between the *Reilly* case and the *Syracuse* case is clear. In the one the action was based upon a breach of the contract; the other was a proceeding to prevent a breach of the contract It was open to the contractor in the *Syracuse* and *Utica* cases to say that the defendant was not yet guilty of an absolute breach of the contract, but of such laxity in making ready to perform it as threatened its breach, and as the active diligence of the authorities was due to him, to prevent its breach, he was entitled to a mandamus to secure such active diligence. In the case before us

the contract was broken, not only because of the unreasonable neglect of the defendant to perform it, but because of its absolute refusal to perform it, except in part.

The defendant further objects to the allowance of a small item called extra work. This item was made necessary because the assistant engineer of the defendant mistakenly gave an insufficient depth for the excavation of the sewer trench, and the mistake, after the contractor had performed some work upon the wrong bottom, had to be corrected. Clearly the contractor should not bear the burden of this extra expense. The mistake or oversight was the defendant's, and the extra work had, *ex necessitate*, to be performed, which is a different thing from voluntarily departing from the charter. (*Mulholland* v. *Mayor, etc., of New York*, 113 N. Y. 631.)

There are no other objections which require special notice.

The judgment should be affirmed, with costs.

PARKER, P. J., concurred; MERWIN and PUTNAM, JJ., concurred in result; HERRICK, J., not sitting.

Judgment affirmed, with costs.