# SUPREME COURT.

## LEWIS PRUDDEN agt. THE CITY OF LOCKPORT.

Where a summons and complaint were issued against the city of Lockport to recover
a liquidated specified sum, for services as police constable, an allegation in the
complaint that the defendant neglected and failed to keep the means in the hands
of its treasurer to pay said account, and that there was no funds in his hands out
of which he could properly pay said order, did not make the cause of action in
the complaint a *tort* for negligence.
Consequently, there was no variance between the summons and complaint; both
were for a money demand on contract.

*Niagara Special Term, September,* 1870.

MOTION by the defendant to set aside complaint, on ac-
count of variance from the summons.    The summons contains
a notice that the plaintiff will, in default of an answer,
take judgment for the sum of $61 62 and interest from
March 16, 1870.    The complaint demands judgment for the
same sum stated in the summons.    The alleged cause of ac-
tion is for services rendered by one Patrick H. Sullivan, as
one of the police constables of the city of Lockport.    The
complaint alleges the performance of services as such officer,
the auditing of the account by the common council at
$61 62, and the drawing of an order therefor on the city
treasurer, signed by the mayor and clerk, and in the follow-
ing form :

"$61 62.                                        No. 2160.

"Treasurer and tax receiver of the city of Lockport:

"Pay Patrick H. Sullivan or order sixty-one 62-100 dollars
out of the general fund, being for services as policeman to
March 20,    Dated Lockport, March 14, 1870.

"ALBERT F. BROWN, *Mayor.*
"C. STACEY MACK, *City Clerk.*"

That such order was, on the 16th of March, 1870, presented for payment, and payment was refused by the treasurer for want of funds. . The complaint then alleges that the defendant neglected and failed to keep the means in the hands of its treasurer to pay said account, and that there was no funds in his hands out of which he could properly pay said order. That the claim against the defendant had been assigned to the plaintiff.

JAMES F. FITTS, *for motion.*

D. MILLAR, *opposed.*

E.IRKER, *J.*—The charter incorporating "the city of Lockport" provides for an officer named police constable, defines his duties, fixes his salary and time of payment. It is also provided that the common coucil should have power to cause to be raised by tax a sum annually not exceeding $16,000, and that the greater part of this sum is to be paid to the city treasurer, for the payment of the salaries of the officers of said corporation, as in the charter provided, and for the contingent expenses of the city.

The defendant bases his motion upon the ground that the cause of action contained in the complaint is one of tort, and is founded wholly upon the negligence of the defendant in not keeping its treasurer in funds to discharge this debt.

The position is wholly unsupported by every possible view that can be given the case.

The sum earned by the policeman, is a debt against the defendant in its corporate capacity. By the terms of the charter, the money to be raised for its payment is assessed upon all the taxable property of the city; the services to be rendered by this officer are for the common benefit of all the residents and taxpayers. The compensation to the city officers, including policemen, are not made payable out of any particular fund, nor upon any condition or limitation whatever.

Municipal, like other incorporations, are liable to suits to enforce the payment of its debts and other liabilities. In cases where the municipal corporation, by its charter, is charged with the duty of deciding upon making local improvements within its corporate limits, and acts as the agent of the party injured and the party benefited, in distributing and assessing the costs of the improvements, and fails through the negligence of its officers, to take the necessary steps to levy the assessment, or to collect the tax, then it is liable in an action of tort, and the negligence of its officers to discharge an official duty is the basis of the action. In this class of cases, there is no debt created against the corporation; the labor and improvement is not done for the benefit of the corporation, but in the interest and for the benefit of a part only of the corporators. The following cases are of this character, part of which were cited by the defendant's counsel: *McCulloch* agt. *The Mayor of B.*, 23 *Wend.*, 418; *Lake* agt. *The Trustees of the Village of W.*, 4 *Denio*, 520; *Beard* agt. *The City of Brooklyn*, 31 *Barb.*, 142.

The plaintiff's right of action is founded upon a contract, and the summons contained the proper notice, that if the defendant failed to answer he would take judgment for a definite sum of money.

The motion is denied, with $10 costs.

The acts of the legislature relating to the city of Lockport, are chapter 365, laws of 1865, chapter 809, laws of 1868, chapter 835, laws of 1869.