Buck *v.* The City of Lockport.

New trial denied.

---

JOHN L. BUCK, Respondent, *v.* THE CITY OF LOCKPORT, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

The charter of the city of Lockport provides for the presentation of accounts against the city to the common council, and that they shall be referred to a committee who shall examine into them and report favorably or adversely to their allowance, with their reasons; and that the common council shall then hear, examine and determine upon the same, in like manner as a board of town auditors. If the claim is allowed, the common council are to make an order for its payment, &c.

*Held*, an account against the city having been presented to the common council and by them referred to the proper committee, who did not report thereupon for more than seven months after its presentation, that the claimant was not obliged to proceed by mandamus to compel the common council to examine and allow the claim and make an order for its payment, but that an action would lie therefor against the city.

The case of corporations and ministerial officers is an exception to the general rule that a mandamus will not lie where the party has a remedy by action. They may be compelled to exercise their functions according to law by mandamus, even though the party has another remedy by action for neglect of duty.

APPEAL from a judgment of the County Court of Niagara county, affirming the judgment of a Justices' Court. The facts are stated in the opinion.

*James F. Fitts*, for the appellant.

*John L. Buck*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

Buck *v.* The City of Lockport.

By the Court—JOHNSON, J.   This is an appeal from a judgment of the County Court, of Niagara county, affirming the judgment of a Justices' Court.   The action was upon a contract between the plaintiff and the common council of the city, by which the former rented to the latter certain premises to be used as a pound for the impounding of animals by the corporation.   The contract was concluded on the 14th of June, 1869.   The rent agreed upon was twenty-five dollars, to be paid the 1st of January, 1870.

On the 4th of April, 1870, the plaintiff presented his claim for rent to the common council of the city, and it was by them referred to the committee of that body on accounts.

Nothing more was done with it; and on the 4th of November following the plaintiff again presented the same account in due form.

No order of the common council was made for the payment of the claim, nor warrant drawn upon the treasurer, according to the provisions of the charter, and the plaintiff failed wholly to obtain payment by that means.   This action was commenced on the 26th of November, 1870, nearly eleven months after the demand had become due and payable by the terms of the agreement.   By the city charter the common council are authorized to provide and establish a public pound.

On the part of the defendant it was shown that the common council, on the 12th of July, 1869, caused the annual tax to be levied for the payment of expenses and claims to the amount of $16,500, which was the full amount they were authorized to raise in that way by the charter, which amount was collected and paid into the treasury, and that the sum of $8,120.82 was received and paid into the treasury from other sources.   It was further shown that, on the 1st of January, 1870, the general funds in the treasury had been overdrawn, and so continued through the fiscal year; and that, on the 12th of September, 1870, the common council again, by resolution, caused to be levied the sum of $16,500, in pursuance of their powers, under the charter.

By the charter it is provided that all accounts and claims

Buck *v.* The City of Lockport.

against the city shall be presented to the common council; and that the same shall, by that body, be referred to the standing committee on accounts, whose duty it is to examine into said accounts and report thereon to the common council, either favorably or adversely, with their reasons; and the common council is then to hear, examine and determine the same, in like manner as a board of town auditors. If the claim is allowed or any part thereof, the common council is then to make an order for its payment, upon which the clerk of that body draws and signs a warrant on the treasurer, which is to be countersigned by the mayor of the city before the amount allowed can be paid.

It is contended on behalf of the defendant that an action for a demand or claim of the kind cannot be maintained against the corporation; that the city stands in respect to such claims on the same footing with counties of the State; and that the only remedy of a creditor of this kind is by mandamus, to compel the common council to proceed and examine and allow the claim, and make the order for its payment. In respect to counties, it has been held that an action for such a cause cannot be maintained; but that the remedy of a party is by mandamus to compel the board of supervisors to discharge the duty which the law imposes upon it in regard to claims against their county.

This is upon the ground that counties are political divisions of the State, possessing and exercising a measure of its sovereignty, and that the only means the law has provided for the payment and satisfaction of such claims against the county is to have them presented to the board of supervisors, who are required to "examine, settle and allow" all such as are chargeable against the county, and "direct the raising of such sums as may be necessary to defray the same" by tax. (*Brady* v. *The Supervisors of New York*, 2 Sand., 460; S. C., 10 N. Y., 260; *Martin* v. *Supervisors of Greene County*, 29 N. Y., 645; *People* v. *Supervisors of New York*, 32 id., 473; *People* v. *Supervisors of Delaware County*, 45 id., 196; *McClure* v. *Board of Supervisors of Niagara County*, 50 Barb., 594.)

This rule is founded in considerations of public policy and expediency, and proceeds upon the same principle with that which refuses to allow an individual citizen to have a right of action against the State for claims against it, but provides for the payment of all such claims by means of official audit, appropriation acts, taxation, and warrants upon the treasurer.

But this principle has never been fully extended to village or city corporations existing and acting under special charters. In respect to such corporations the rule extends no further than to exempt them from liability to actions for the recovery of such claims, primarily or in the first instance. The law presumes, in respect to all such claims, that they are contracted or created in reference to the power of the corporation, and the ways and means at its command of obtaining funds for payment, and will not allow such bodies to be harassed by actions unless they refuse or fail to exercise their power, or to use the means at their command to enable them to make payment and satisfaction in the prescribed form. But if they refuse or neglect to put the proper machinery in motion to raise the necesary funds, or to put the claims presented in proper shape for liquidation and payment, then the law gives the creditor his remedy by action to compel payment.

This rule has been established and is illustrated by many decisions in the courts of this State. (*McCulloch* v. *The Mayor, &c., of Brooklyn*, 23 Wend., 459; *Cumming* v. *The Mayor, &c., of Brooklyn*, 11 Paige, 596; *Beard* v. *The City of Brooklyn*, 31 Barb., 142; *Ganson* v. *The City of Buffalo*, 1 Keyes, 454; *Baldwin* v. *The City of Oswego*, 2 Keyes, 132.)

Here, it must be admitted, the common council have been guilty of great delay and negligence, or worse, in omitting to put the plaintiff's claim in a proper shape to render it payable in the ordinary and usual way after it was presented.

There was in fact nothing for them to do but to order its payment. The contract was between the plaintiff and that body, and the amount and time of payment fixed by the contract. They had no right to disallow it. (*People* v. *Super-*

*visors of Delaware Co., supra*), and it was their clear duty to make the order on which a warrant could have been drawn when the claim was first presented. It had then been due over three months. After the debt was contracted there had been two annual tax levies before this action was brought, and the common council, though twice applied to, had neglected to act upon the claim, and to put it in a condition to be properly paid from the city treasury. The corporation cannot thus keep its creditors at bay and then defend itself, on the ground that its own officers and agents have not done what it was their duty to do.

If it should be conceded that the plaintiff here might have proceeded by mandamus, to compel the common council to allow the claim and make the necessary order for its payment, it would not follow that this action cannot be maintained. There is an exception to the general rule that a mandamus will not lie where the party has another remedy, in the case of corporations and ministerial officers. They may be compelled to exercise their functions according to law by mandamus, even though the party has another remedy against them by action for neglect of duty. (*McCullough* v. *Mayor, &c., of Brooklyn, supra,* p. 461.) We think the action was properly brought and that the judgment should be affirmed.

