SHEPHERD F. KNAPP v. MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

1. An improvement certificate, payable to the contractor or holder, is assignable, subject to the equities between the original parties.
2. Whether the debtor can object that the plaintiff is a receiver appointed by a foreign court—*Quere.*
3. In actions on improvement certificates given for labor and material furnished to the city under express contracts for improvements authorized by the charter, it is not necessary to aver that all the preliminary formalities have been observed, as in proceedings for assessments against the land-owners.
4. Certificates of improvement under the charter of Hoboken may be issued, payable out of the general funds of the city, when the city fails or neglects for two years to collect the assessments from the real estate benefited.
5. The remedy is by action of debt on the certificate, and not by *mandamus* to compel the enforcement of the assessments.

On demurrer to declaration.

Argued at February Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the plaintiff, *Flemming* and *Besson*.

For the defendant, *J. W. Vroom* and *Gilchrist*.

The opinion of the court was delivered by

SCUDDER, J. This action is in debt upon three several "improvement certificates"—two for $2500 each, and one for $5000. They were issued, under the seal of the city of Hoboken, attested by the mayor and city clerk, to Coughlin & Callahan, for work and material on Thirteenth street. They are dated February 25th, 1871, and were transferred by endorsement to Theophilus Butts, and by him assigned, in writing, to the Bowling Green Savings Bank of the city of New York. Upon proceedings in the Supreme Court of the

State of New York for the appointment of a receiver for, and dissolution of said bank, the plaintiff, by order of said court, was appointed receiver, and the above certificates were assigned and delivered to him.

These certificates being issued to Coughlin & Callahan, or the holder, for the several sums therein named, are assignable, and the assignment will vest a right of action in the assignee, subject to equities between the original parties, unless there be some legal prohibition. *Winfield* v. *City of Hudson*, 4 *Dutcher* 255.

They are, in all respects, like the one named in the case cited, excepting in some immaterial matters, which will be noticed so far as may be necessary.

It is alleged as cause of demurrer, that the plaintiff being a receiver appointed by a foreign court, cannot institute an action in the courts of this state. It is doubtful whether the debtors can make this objection against the payment of their assignable paper, however valid it might be if raised by creditors of the bank in this state who opposed the transfer of these funds to the jurisdiction of another state to be there distributed. The plaintiff, as it appears in the pleadings, is the holder of these certificates by the endorsements of previous holders. The proceedings by which he holds them may have been instituted by the bank, and the transfers may therefore be voluntary, and not merely by operation of law. It was held in *Frazier* v. *Fredericks*, 4 *Zab.* 162, that a voluntary assignment for the payment of debts by the owner, will operate upon property out of the jurisdiction of the law of the place of the domicil of the owner, or of the place of sale and transfer.

No opinion, however, is now expressed upon this point, because the declaration states that the plaintiff is the holder, by endorsement, of these certificates, which are assignable and payable to the holder; and the description of his office may be material or immaterial, as the evidence shall show the full particulars of the assignment to him; upon demurrer, the court will assume nothing which does not appear on the

face of the papers.  *Booth* v. *Clark*, 17 *How.* 322, was a case where the receiver was appointed under a creditor's bill, and was determined upon a full statement of the facts.  See further, *Story on Conflict of Laws*, § 565, &c.

The more material matter for present determination is as to the right of the plaintiff to recover upon the substantial case presented in the declaration.

It is conceded that the city of Hoboken, by the charter of 1855, and the supplements thereto, had the general power, by ordinance, to lay out, grade, and pave public streets; to use a common seal, and contract for public improvements.  But it is said, there are not sufficient averments in the declaration showing that all the requirements of the charter have been complied with, in advertising for the improvement, obtaining consent of the owners, the publication of the ordinance, &c.  The objections are pertinent when the proceedings are between the city and the property owners in making and collecting assessments, in the condemnation of lands for improvements, and between the tax payers and the city officers, who are their agents.  But what relevancy have they to the position of workmen who have given their labor, and put materials on the public streets, upon the faith of an express contract with the city, made in conformity with the charter upon advertisement and accepted proposals, under an ordinance good upon its face, where all the citizens have stood by and seen the work done without objection, and who hold the obligation of the city for the payment of their just claim for such labor and materials?

If there be fraud in an over-issue of certificates, or any other fraud between the original parties, or defects in the work done, these questions may be examined under proper issues of fact, but the averments that all the preliminary formalities have been observed in ordering the work done, are not necessary where the action is brought by workmen for their labor and materials.  As between such creditors in good faith and the corporation, the questions are, whether the city agents, the mayor and common council had the general

power of ordering the work done, and whether it has been done and certificates issued for a just payment. If there be an ordinance directing the work to be done, and the contract made under it be executed, the workmen and contractors need look no further. *Bigelow* v. *Perth Amboy*, 1 *Dutcher* 297; *Bears* v. *City of Brooklyn*, 31 *Barb.* 142; 2 *Dillon on Mun. Corp.*, § 648.

Sections nineteen, fifty-two, fifty-seven, and sixty of the charter of 1858 give the power of making improvements, entering into contracts, and recognize improvement certificates as a means of payment. The act of March 1st, 1870, provides expressly for interest at the rate of seven per cent. on all improvement certificates thereafter issued.

The certificates, dated February 25th, 1871, ante-date other supplements to the charter to which reference was made on the argument. There is ample power in these sections and others for a contract for street improvements, and for certificates to those who have done work upon them.

The case presented by the pleadings raises the further question, whether these improvement certificates, in their terms of payment, exceed the authority of the city officers, who issued them, and what is their true construction? It is said that they are and can be of no other legal effect than agreement to pay the amounts stated, out of moneys raised by assessments upon lands benefited, and that they are not and cannot be charged on the general funds of the city. It is insisted that this is the limitation of the charter, and the contract for improvements are made with reference to this mode of payment.

The provision in the charter for the payment of these expenses is, that they shall be assessed upon and paid by the land and real estate benefited by the same, in proportion to the benefit received. These assessments are to be made by commissioners appointed by the city, and are collected by its officers. The money collected goes into the hands of the city treasurer, with other funds of the city, and are paid out by him under direction of the council. Claims for work are by

them audited and ordered to be paid. This method clearly indicates that the contractors and workmen on such improvements may look to the general funds of the city for their pay, and the city may reimburse itself, or be put in funds for such payment by collecting from the property owners, so far as the benefits assessed will go in payment. If they have acted with such informality that they cannot make collection by assessment, then the city, which has appointed them to office, must suffer, and not the workmen.

*Cummings* v. *Mayor, &c., of Brooklyn*, 11 *Paige* 596, holds that, under similar terms in a city charter, it is the duty of the city officers to see that a proper assessment is made, the money collected and paid over to the contractors within a reasonable time after the completion of the improvement, and, if they unreasonably neglect to collect, the contractors are entitled to payment out of the general funds of the corporation ; and that such general funds may be reimbursed out of the proceeds of the assessments, when made for benefits.

It seems that in our state no other course is practicable, for, since the case of *State, Agens et al.,* v. *City of Newark*, 8 *Vroom* 415, assessments for local improvements may be charged against the property benefited only to the extent of such special benefits ; and if the expense of such improvements exceed the benefits conferred upon the adjoining property owners, such excess must be paid by the public.

The cases cited on the argument from other states, in favor of the position that the contractors must look to the assessments alone for their pay, may be easily distinguished, if the special provisions of the charters and the terms of the contracts are kept in mind.

*Baldwin* v. *City of Oswego*, 2 *Keyes* 132, was much relied upon. It is true, as was there held, that if the contractor make his contract with the city in form to receive payment specifically and only from the moneys assessed and collected from the benefited property, he will be held to his contract, and cannot claim payment from the general funds of the city ; but otherwise, if he make no such agreement, and the city undertake

to collect for him under the charter, and make default, or fail to enforce the collection of such assessment, he will have his remedy against the city for such default or negligence. There are other statements in the case at variance with *Cummings* v. *Brooklyn*, above cited.

The terms of the contract in these improvement certificates are clearly authorized by the charter. The holder is to receive of the treasurer of the city the principal sum, with interest thereon, at the rate of seven per centum per annum, computed from a date thirty days after the confirmation of the assessment, in such amounts as the money on such assessment shall come to the hands of the treasurer. The mayor and council bind themselves to use due diligence in making and collecting the assessment; and, in case the assessment is not collected to meet the certificate within two years from the date of the confirmation of the assessment for such improvement, then they will pay the principal sum and interest to the holder upon thirty days' notice of default in the collection of the assessment. A failure for two years to collect the assessment was, by this contract, to be regarded as a default, the sufficient evidence of neglect to enforce the collection, and thereupon the right of the holder to demand payment for the amount of the improvement certificate from the city at large attached. It was competent for the city to stipulate for this reasonable time to make the assessment, and promise payment when the term of credit had expired. The plaintiff, in this case, avers that he has waited the two years from the confirmation of the assessment, has given thirty days' notice of default in the collection of the assessment, and that he is thereby entitled to demand the amount and interest from the city. This averment presents a legal cause of action according to the terms of the certificate, and within the charter.

The insistment that a *mandamus* is the proper remedy, was based upon the idea that the city was only compellable to enforce the assessment against the property owners benefited, for the payment of the contractor and his assigns. But it is otherwise, and an action may be brought in the present form,

in debt, directly against the city for the breach of contract.

The constitutionality of the form of assessment for benefits under the charter against the property owner, has not been considered, because, as has been already shown, the rights of workmen under the contract with the city are not dependent upon such assessment. If the city do not provide the means of assessment, and fail to collect for two years, the contractor has his remedy by action on the certificate.

The demurrer is overruled.