HUGH REILLY, as EXECUTOR, ETC., OF B. REILLY, DECEASED, APPELLANT, *v.* THE CITY OF ALBANY, RESPONDENT.

*Right of a contractor to sue a city for its neglect to take proceedings to collect money by assessment—effect of a decision vacating the assessment in a proceeding by certiorari brought by property owners.*

June 27, 1881, the plaintiff's assignor, Thomas Reilly, entered into a contract with the defendant for the grading, flagging and paving of a portion of Knox street, in the city of Albany, which provided that payment for the work should not be due until the said work had been accepted by the street commissioner and the apportionment of the expense confirmed by the common council and collected by the chamberlain, unless otherwise provided for. On August 2, 1882, the

certificate of the street commissioner accepting the work was filed with the board of contract, which, against the objections of certain of the property owners, made an apportionment of the expense, which was, on November 14, 1882, confirmed by the common council as required by the charter.

In proceedings instituted by the objecting property owners to review by *certiorari* the proceedings of the board of contract and of the common council, to which the contractor Reilly was made a party, an order was made at General Term vacating the assessment, and holding that the certificate did not conclude the board of contract as to the performance of the work, or prevent it from inquiring as to whether it had in fact been actually completed as required by the contract. Thereafter, on the application of the contractor, the board of contract, after notice to the contractor to be present, met, and after hearing the parties objecting and the contractor, and receiving evidence offered by them, decided that the work had not been completed as required by the contract, and that until it was so completed the board could make no apportionment.

Thereafter, in January, 1885, the contractor, having demanded of the city payment of the amount alleged to be due to him under the contract, brought this action to recover the same, alleging that the board of contract unreasonably delayed and refused to make any proper assessment or to take any steps to enforce the collection of the money due.

Upon the trial the plaintiff offered to prove that he had fully complied with all the terms of his contract in all its parts. The court refused to receive the evidence and directed a nonsuit upon the ground that as the first assessment had been vacated, and the board of contract, after hearing all the parties in interest, had refused to make a second assessment upon the ground that the contract had not been performed, the remedy of the contractor was to review this decision of the board by *certiorari*, and that no laches on the part of the city authorities was shown.

*Held,* that the decision in the *certiorari* proceedings did not affect the certificate of the street commissioner as to the completion of the work, except, as it held, that such certificate was not conclusive, as to that fact, as against the city authorities.

That the refusal of the board of contract and apportionment to make a new assessment, upon the ground that the work had not been completed, was not conclusive, as to that fact, upon the contractor, although he was present and produced evidence on his own behalf at the hearing.

That he was not required to review the action of the board of contract by *mandamus* or *certiorari* before bringing this action, and that, upon the trial of this action, he was entitled to give evidence to show that he had in fact fully complied with the terms of the contract and to have that question submitted to a jury.

That the judgment should be set aside and a new trial granted. (LEARNED, P. J., dissenting.)

APPEAL by plaintiff from a judgment, entered upon an order dismissing the complaint made at the Albany Circuit.

The action was brought against the city of Albany for neglecting and refusing to make an assessment and apportionment of the expense of certain work done by Thomas Reilly, a contractor, plaintiff's assignor.

The facts proved on the trial showed, that Thomas Reilly entered into a contract with the defendant on June 27, 1881, to grade, flag and pave Knox street, between Madison avenue and Morris street, in the city of Albany. Claiming the work to have been completed, he received the certificate of the street commissioner of said city, dated August 2, 1882, certifying that the contract had been fully completed and performed.

The board of contract and apportionment of said city of Albany, to whom said certificate was presented, took steps toward the apportionment and assessment of the cost of the work, and on the 5th day of August, 1882, a notice was published in the official newspapers in reference to the same ; and at a meeting of said board, held on the 22d day of August, 1882, a remonstrance was presented, signed by a number of owners of property fronting upon the street to be improved. Said remonstrance asserted that the contract had not been completed in accordance with the requirements thereof and of the specifications; and in detail pointed out the particulars in which the contractor had failed thus to perform his work, and furnish the proper and required material. Notwithstanding this remonstrance no hearing was had, but the board of contract proceeded to apportion the same. The amount was $7,975.37. Thereafter said apportionment having been transmitted to the common council of the city of Albany, at a meeting held on November 14, 1882, the same was ratified and approved. Soon thereafter proceedings, by *certiorari*, were instituted, by and on behalf of the remonstrating property owners, to restrain the board of contract and apportionment and the common council of the city of Albany, from enforcing the assessment and apportionment above referred to, and to review their action in the premises.

Returns to such *certiorari* were made by said boards respectively to the General Term, and thereafter Thomas Reilly, the contractor, was, upon motion, and against his objection, brought into and made a party to said proceedings. The General Term vacated and set aside the assessment. In that case, in which

all the parties to this action were parties, it was determined by the General Term that the board of contract and apportionment of the said city of Albany was not bound by the certificate of the street commissioner of said city that the contract had been fully completed according to its terms and the specifications. After this determination the contractor, Thomas Reilly, requested in writing that the board of contract and apportionment should assess and apportion the expense of doing the work. On the same day that the communication was received by the board, August 4, 1884, the board adopted a resolution providing for a hearing of the subject-matter before it. At a meeting of said board, held on the 7th day of August, 1884, this matter was discussed, the property owners and the contractor both being represented by counsel.

On August, 8, 1884, a majority of the members of the board visited and inspected the work. On the 18th day of August, 1884, at a meeting of the board, the following was adopted :

" *Resolved*, That the board desires to hear the owners of property on Knox street, in opposition to the pavement, and to examine them under oath as to the sufficiency and quality of the work done by Mr. Reilly on that street, and that for the purpose of such hearing and examination a meeting of this board, to which the clerk is directed to invite Mr. Reilly to be present, is hereby called for Thursday evening next, at eight o'clock, in the mayor's office, in the city hall."

On the 1st of September, 1884, at a meeting of the said board, the matter of the Knox street pavement, assessment and apportionment was taken up. The persons assessed for the work by the previous assessment were represented by counsel, as were also the contractor. Witnesses were called by each of the parties and an examination of the matter took place, occupying a week . On the 6th of October, 1884, at a meeting of the board it adopted a preamble and resolutions, of which the latter were as follows :

" *Resolved*, That it is the opinion and judgment of the board that said work has not been performed, nor materials furnished in accordance with the contract and specification.

" *Resolved*, That the acceptance of the work by the street commissioner be and the same is hereby revoked and rescinded, and all acts by or on behalf of this board, or any officer or member of

the same, touching the acceptance of said work or towards the apportionment or assessment of the same, be and the same is hereby revoked and rescinded, and the matter of the performance of said contract and work thereunder be as if the same had never been accepted by the street commissioner, or by the board or any officer thereof."

No attempt was made by the contractor, or any other person, to review or in any wise to interfere with this determination of the board of contract and apportionment. The said Thomas Reilly, the contractor, assigned his claim to the plaintiff and this action was commenced.

The plaintiff alleges, that it became the duty of the defendant, its officers and agents, to forthwith cause a new apportionment and assessment to be made and levied for the expense of said work, but that although requested so to do by said Thomas Reilly and the plaintiff, the said defendant and its board of contract and apportionment have neglected and refused to do so, and the said defendant and its said board of contract and apportionment have unreasonably delayed, neglected and refused to make any proper assessment and apportionment of the expense of said work, or to take any steps to enforce the collection of the expense thereof from persons benefited thereby, in gross violation of their duty in the premises and to the great damage of plaintiff, and claims damages against the defendant for $7,926.51, with interest from January 1, 1883.

*A. Hamilton*, for the appellant.

*S. W. Rosendale*, for the respondent.

BOCKES, J.:

By the decision in the *certiorari* proceedings the action of the city authorities in making provision for payment to the contractor for the work was rescinded and annulled. This decision did not touch the certificate made by the street commissioner and filed with the chamberlain and furnished to the board of contract and apportionment, certifying to the completion of the work, except as it was held that such certificate was not conclusive of what it declared against the city authorities, nor bar the relators from their review

of the proceedings brought up by the suit. The decision left the case open following the furnishing and filing of the certificate of the street commissioner, the same as if no apportionment and assessment by the board of contract, or confirmation thereof by the common council, had previously been made. Now it was the duty of the city authorities again to take action looking to the payment to the contractor for the work certified by the street commissioner to have been duly performed, and such action was taken by the board of contract and apportionment entering upon an investigation as to the truth of the street commissioner's certificate; that is, whether the contractor had in fact fully performed his contract according to its terms. A conclusion was reached that the work had not been performed nor materials furnished in accordance with its terms and provisions. This conclusion was entered by resolution in the records of the proceedings of the board; and on this conclusion the city authorities rested and refused to take any further action looking to the payment and satisfaction of the contractor's claim. At the trial of this action, brought to recover for the work on an allegation that the contract had in fact been fully performed, such conclusion, and the refusal of the city authorities further to proceed in the matter, were held to bar the right of recovery, and the complaint was dismissed on such ground. We are of the opinion that in this ruling there was error. Admitting that it was proper for the members of the board of contract and apportionment, in the exercise of their right as public officers, to examine into the subject of the due performance of the contract by the contractor before making provision for payment to him (notwithstanding the certificate of due performance by the street commissioner), we are cited to no provision of law making such inquiry judicial in character, and, therefore, conclusive in its result. In this respect such voluntary examination is unlike those cases where public officers or bodies are given jurisdiction and vested by law with power and discretion to determine matters confided to them, as in the auditing of accounts, and apportioning of expenses and making assessments, and the like. Such duties, when imposed upon public officers or bodies, are judicial in character, or *quasi* so, and their action, in the absence of fraud or collusion, concludes all parties concerned; nor can such action be overruled, annulled or reversed, save by *certiorari* or on appeal.

But it is urged that the contractor is estopped from disputing the conclusion reached and declared by the board of contract, because he participated in the examination instituted by it. He was not, however, a party tó the proceeding in any legal sense. There was no provision of law by which he could be brought in and compelled there to litigate his rights; nor did he give his consent in any way to make the examination and conclusion binding upon him as an arbitration. The board understood this otherwise. He came in on mere invitation. The resolution of the board in that respect was a direction to the clerk " to invite Mr. Reilly to be present." This was a courtesy extended to the contractor, inasmuch as the board were about to consider a matter in which he was interested. But it is said he appeared and put in proof before the board in his own behalf. This would not bind him to the conclusion of the board in the absence of any provision of law to that effect, and his action in that regard may well have been induced, and probably was induced by the hope that he could there end the matter by showing the truth of the case to the satisfaction of the board. Manifestly he cannot be concluded by the action of the board sitting in judgment in its own case, in effect, unless there be some express provision of law binding him to that result. We are not cited to such provision. In this connection see *Duplex Safety Boiler Company* v. *Garden* (101 N. Y., 387; S. C., 4 Eastern R., 180).

An examination by the board of contract to find out whether contracts with the city have been performed is certainly commendable, and this even if the street commissioner has given his certificate of complete performance. It affords an additional check against improvident action. Action without knowledge as to expenses claimed to have been incurred and may well be pursued, as a matter of precaution against fraud, before making payment or providing therefor. The city is, nevertheless, bound to a correct conclusion on the part of its officers *on the question of fact*, whether the contract has or has not been performed. If found that the work is satisfactory, payment will be provided for. If otherwise, the city authorities will rest upon their conclusion, and are bound to make it good against the claim and proof to the contrary, when challenged by the contractor, by a suit involving the question of fact. So here the city refuses to pay the contractor

his claim and refuses to take any step, such as is authorized by law in cases of just claims, towards raising the money to satisfy it, resting upon the alleged fact that the claim is groundless by reason of the non-performance of the contract. Thus this is made a question of fact on which the right of the contractor is made to depend, and is open to proof, in the action brought by him to substantiate his claim, and the complaint was dismissed, notwithstanding the offer of proof that the contract had been performed in all its parts, and the concession that the city authorities refused to take any steps towards payment of the contract-price, as in the contract stipulated.

It is also urged that this subject — the performance or non-performance of the contract — was determined by adjudication in favor of the city in the *certiorari* proceedings, hence that the contractor is concluded on that question having been a party thereto. But this is a mistaken position. The decision in those proceedings went no further than to vacate and amend the apportionment and assessment of the board of contract, and the confirmation thereof by the common council, judicial or *quasi* judicial, acts brought under review thereby. As stated in the opinion of the court, it was the regularity and sufficiency of the apportionment and assessment that was then brought under examination. And it was then further remarked, as follows: "The relator contends that the judgment to be given by this court should be final and conclusive upon Reilly, and absolutely determine his rights. This cannot be done. We review only the assessment made. If illegal, it must be set aside." And, further, this will not " prevent, under proper circumstances, the bringing of an action by Reilly against the city for his pay, upon his claim that he has fully and in all things performed his contract. We cannot, in this collateral way, deprive Reilly of his constitutional right to try the question of his performance, and his right to payment therefor. All we can here decide is that he shall not demand or receive payment under the invalid and illegal proceedings of the board of contract, and confirmation thereof by the common council. Those proceedings shall be wiped from the records and he, being a party, shall be bound by our action in that respect." These remarks present the law on the subject here under examination, and show that this action is not barred by the adjudication in these proceedings, as

regards the question of fact whether the contract has or has not been performed.

It seems that the dismissal of the complaint was directed partly, if not entirely, upon the ground that the contract was entered into in view of the provisions of the city charter, as to the mode in which payment to contractors was to be made; that here, according to a provision in the contract, payment could not be required, nor was the contract-price to be deemed due, until the lapse of thirty days after the apportionment and assessment of the expense of the work had been duly approved by the common council. True, but the contract was also made with reference to the payment of the contract-price, in case of its due performance by the contractor (*Duplex S. B. Co.* v. *Garden*, above cited); and the action is based upon the alleged neglect and refusal of the city authorities to perform the statutory obligations devolving upon them, which would have produced the means of payment, had they been observed. It is charged that the city had failed and neglected to do its duty by the contractor. This, as is claimed, gave the right of action. (*Hunt* v. *The City of Utica*, 18 N. Y., 442; *Baker* v. *The City of Utica*, 19 id., 326; *Beard* v. *The City of Brooklyn*, 31 Barb., 142.) If, then, it be true, as a matter of fact, that the contract was fully and completely performed in all respects, as stated in the certificate of the street commissioner, and as was offered to be proved, the city authorities were in default in not making provision for the payment of the money due under it, and can only justify their neglect and refusal to proceed to raise the money, by the conclusion of the board of contract and apportionment, that the contract had not been performed. And this brings us back to the question whether the contractor was concluded and estopped from showing the truth by such determination.

Our conclusion, above stated, is that he was not so bound and estopped. Without discussing the question whether relief might not have been obtained by *certiorari* or *mandamus*, we are of the opinion that a suit at law, on the facts here presented, was the proper and appropriate remedy to pursue (see cases above cited), and it may be well questioned whether either of those proceedings, if admissible, could have been entirely efficacious in affording the relief sought for.

We are of the opinion that dismissal of the complaint was erroneous and that there should be a new trial.

LANDON, J.:

The plaintiff was nonsuited. He had made a *prima facie* case to the effect, first, that he had performed the work according to the contract; second, that he had obtained as the contract required the proper certificate from the street commissioner; third, that the defendant through its officers, charged with the function of performance, deliberately refused to perform the acts precedent and requisite to enable him to get his pay. The answer is that these officials have decided that he did not do his work according to his contract, and they thereupon refused to do the precedent and requisite acts. If the plaintiff is bound by the judgment of these officials the nonsuit was right; if not it was wrong. I think he was not bound. The plaintiff was one party to the contract, the city the other. They dealt at arms length with each other, and each side is so far interested as to be disqualified to pronounce final judgment upon the claim of the other. They have reached that stage in this business where an impartial tribunal is necessary. The plaintiff appealed to a jury of his country, and he was dismissed because it was thought that he was bound by the judgment of his adversary. When a party claims to be the creditor of a city he must, in the first instance, permit the city to examine and satisfy the demand according to the methods prescribed by its charter. This is for the protection of the city. But when that opportunity has been fully accorded, and the claim deliberately repudiated or neglected, the claimant is not bound by the adverse action. He may then appeal to the courts and have his case there decided in a constitutional way. The cases cited by my brother BOOKES sustain this view; others may be added. (*Buck* v. *City of Lockport*, 6 Lans., 251; *Ganson* v. *City of Buffalo*, 1 Keyes, 457; *Cumming* v. *Mayor*, 11 Paige, 596; *Bowery Bank* v. *Mayor*, 63 N. Y., 336; *Sage* v. *City of Brooklyn*, 89 id., 189; *Moore* v. *Mayor of New York*, 73 id., 238.) The contrary doctrine may obtain in cases against boards of supervisors when these officers do not act for their county as a corporation, but as officers of the State for the political division of their county; the State cannot be sued, nor a

mere political division of it. But a city is a corporation, and is sued as a corporation, and it shocks the sense of justice that it should in cases of dispute be the final judge of its liability.

When the court set aside the apportionment and assessment made by the board of contract and confirmed by the common council, it left the city free to consider this matter further. If it should decide to reject the claim of the plaintiff and stand upon the ground that he had not performed his contract, the court gave to the city the privilege to insist that the plaintiff should satisfy a jury that he had performed it before it should respond.

I fully concur with my brother BOCKES.

LEARNED, P. J., dissented.

Judgment reversed, new trial granted, costs to abide the event.